# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50282/50283/50284/50285

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 28, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DEMARIO SHUNTA THURMAN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Demario Shunta Thurman pled guilty to one count of felony possession of a controlled substance, Idaho Code § 37-2732(c)(1) in two separate cases (Docket Nos. 50282 and 50285) and possession of a controlled substance and destruction of evidence in another case (Docket No. 50283). The district court imposed concurrent sentences of five years with two years determinate and retained jurisdiction in all three cases. After completing the period of retained jurisdiction, the district court placed Thurman on probation for two years in all three cases.

1

Subsequently in Docket No. 50284, Thurman pled guilty to one count of possession of a controlled substance, I.C. § 37-2732(c)(1), and admitted to violating his probation in the other three cases. In exchange for his guilty plea, additional charges were dismissed.

At a joint disposition and sentencing hearing in all four cases, the district court imposed a unified, concurrent sentence of four years with two years determinate in Docket No. 50284 and revoked Thurman's probation and executed his underlying sentences in the other three cases. Thurman filed Idaho Criminal Rule 35 motions in each of the four cases. The district court denied Thurman's request for leniency. Thurman appeals, contending that the district court abused its discretion by imposing an excessive sentence in Docket No. 50284 and by denying his Rule 35 motions in all four cases.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in sentencing Thurman in Docket No. 50284.

Next, we review whether the district court erred in denying Thurman's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Thurman's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Thurman's judgment of conviction and sentence in Docket No. 50284, and the district court's orders denying Thurman's Rule 35 motions, are affirmed.